**Order entered July 20, 2017**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-16-01520-CR**
**No. 05-16-01521-CR**

**QIAN HOKASHI-MECHALITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 296-81904-2016 & 296-81905-2016**

## ORDER

Appellant's brief was due May 26, 2017. When it was not filed, we notified appellant by postcard dated May 30, 2017 that the brief was overdue and directed him to file a brief along with a motion to extend time within ten days. To date, no brief has been filed, and we have had no further communication from appellant.

We therefore **ORDER** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute these appeals, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeals. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the

trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

These appeals are **ABATED** to allow the trial court to comply with the above order. The appeals shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/    LANA MYERS
JUSTICE